Melanie J. Vartabedian (#10148)
Nathan R. Marigoni (#14885)
BALLARD SPAHR LLP
One Utah Center, Suite 800
201 South Main Street
Salt Lake City, Utah 84111-2221
Telephone: (801) 531-3000
Facsimile: (801) 531-3001
vartabedianm@ballardspahr.com
marigonin@ballardspahr.com

*Attorneys for Defendant, Vivint, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **JOSEPH BARRETT, CRAIG CUNNINGHAM and ANDREW PERRONG**, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**VIVINT, INC., JOHN DOE CORPORATION d.b.a NATIONAL SOLAR PROGRAM and DSI DISTRIBUTING, INC. d.b.a DSI SYSTEMS**,<br><br>Defendants. | **VIVINT, INC.'S MOTION TO STAY NON-JURISDICTIONAL DISCOVERY AND JOINDER**<br><br>Case No.:  2:19-cv-00568-CW-CMR<br><br>**District Judge Clark Waddoups**<br>**Magistrate Judge Cecilia M. Romero** |

Vivint, Inc., ("Vivint") hereby moves the Court for entry of a stay of non-jurisdictional discovery in this matter and joins in the Motion to Stay Non-Jurisdictional Discovery (the "Motion") filed by DSI Distributing, Inc. ("DSI") at Docket 32. .  As DSI correctly notes, a stay

of discovery is generally merited where a dispositive motion will, if granted, obviate the need for extensive discovery. That is particularly true here, where Plaintiffs seek to represent three nationwide classes, have served extensive discovery on the Defendants, as well as an extremely broad third-party subpoena. Because the parties are, however, entitled to conduct discovery as to the jurisdictional arguments raised in the motions to dismiss, a stay of non-jurisdictional discovery best balances these competing concerns and Vivint joins with DSI in moving for entry of such a stay.

## STATEMENT OF RELEVANT FACTS

In addition to the below facts, Vivint incorporates the statement of relevant facts set forth by DSI. [Dkt. No. 32 at 2-3].

1. On September 25, 2019, Plaintiff Andrew Perrong served on Vivint his first set of discovery requests. [First Set of Discovery to Vivint, Inc. attached as Exhibit 1].

2. Perrong's requests include extensive document requests, which demand production of, among other things:

   a. "all documents related to telemarketing training provided to your employees or vendors";

   b. "all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force," with nine specific categories of such policies demanded;

   c. detailed call records for "each SMS or text message sent by your company or any of their vendors," with no limitation on time, recipient, or subject matter;

       d.   "all documents relating to complaints or do-not-call requests concerning telemarketing," including any lists or databases of complaints "by mail, email, live call, IVR, SMS, web form, social media, FCC, FTC, CFPB, state attorney general, BBB or any other source," with no limitation on time;

       e.   All communications with DSI "regarding telemarking or customer acquisition" and all internal communications regarding DSI;

   3.   In light of the filing of the Amended Complaint, on October 8, 2019, Vivint requested that it not be required to respond to discovery until 28 days after the filing of its response to the Amended Complaint.

   4.   The Plaintiffs purported to serve a similar set of burdensome discovery on DSI's "counsel of record" on October 8, 2019, the same day Plaintiffs filed their Amended Complaint and before DSI was required to make or had made any appearance in this matter.

   5.   The Plaintiffs notified Defendants on November 11, 2019, of their intent to issue a subpoena to third-party Intellectual Jewels of Tera Communication, LLC.  The subpoena seeks, among other things, nearly three years of call records and detailed documentation regarding consent to calls from <u>any</u> putative class member.  Yet, the subpoena will allow no more than thirteen days to respond and calls for response to be made by 5:00 p.m. on Thanksgiving Day. Subpoena attached as Exhibit 2.

## **ARGUMENT**

"Questions of jurisdiction should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. Thus, a stay of discovery during the pendency of a dispositive motion asserting a jurisdictional challenge may be appropriate and

efficient." *Golden v. Mentor Capital, Inc.*, No. 2:15-cv-176 JNP, 2017 U.S. Dist. LEXIS 108202, at *3 (D. Utah July 12, 2017) (granting motion to stay discovery pending resolution of personal jurisdiction challenge). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). "Courts have routinely recognized that discovery may be inappropriate while the issue of immunity or other jurisdictional questions are being resolved." *McMillan v. Wiley*, Civil Action No. 09-cv-01709-WYD-KLM, 2011 U.S. Dist. LEXIS 39823, at *3 (D. Colo. Apr. 5, 2011); *see also Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (concluding a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's subject matter jurisdiction).

In evaluating whether to stay discovery pending resolution of a motion to dismiss, district courts in this district consider: "(1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; (3) the interests and burdens on the parties; (4) the interests of others, such as nonparties or the public, in staying or proceeding with the case and (5) the impact to the court of staying a matter." *Fluent Home Ltd. v. Elbaum*, No. 2:18-cv-00570 TC, 2019 U.S. Dist. LEXIS 33364, at *4 (D. Utah Mar. 1, 2019). These factors weigh in favor of granting a stay pending resolution of Defendants motions.

First, "[a] stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005). Here, because a grant of Defendants' motions would resolve the case in its entirety or eliminate the potential for a class action, a stay of

discovery will preserve the parties' and the Court's resources in the event the motions are granted.

Second, with respect to the burden on the parties, Plaintiff has already requested significant and burdensome discovery from the Defendants.  *See* Ex. A.  "[S]ubjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted." *String Cheese Incident, Ltd. Liab. Co. v. Stylus Shows, Inc.*, Civil Action No. 05-cv-01934-LTB-PAC, 2006 U.S. Dist. LEXIS 97388, at *4 (D. Colo. Mar. 30, 2006).  Yet the burden on Plaintiff of delaying discovery will be minimal.  This is not a case where ongoing damage is occurring, such as misappropriation of trade secrets or infringement.  *See Fluent Home*, 2019 U.S. Dist. LEXIS 33364 at *4-5 (denying stay where "prompt discovery is warranted" due to "inappropriate distribution of trade secrets").  Rather, Plaintiffs' claims—and the claims of the putative class members—are all based on past conduct.  No harm will come to Plaintiffs or absent class members if discovery is stayed.  For the same reasons, the interests of nonparties or the public would be unaffected by the entry of a stay.

Last, the impact to the Court of staying this matter is likely positive.  As is clear from the expansive discovery requests Plaintiffs have served or will serve on Vivint, DSI, and third-parties, significant disputes over discovery are likely.  Absent a stay of discovery, the Court will likely be faced with requests to compel or enforce discovery requests when it remains undetermined whether the Court has authority to exercise jurisdiction over this case in the first instance.  Moreover, "neither [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of suit' when, as here, a dispositive motion . . . is pending."

*McMillan*, 2011 U.S. Dist. LEXIS 39823, at *4 (addressing motion to dismiss on both jurisdictional and immunity grounds).

However, while it is clear that the Court has discretion to—and should—stay discovery generally in this case, it is equally clear that "[w]hen a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002). DSI's proposed stay of non-jurisdictional discovery best balances the competing interests of managing the burden of discovery while permitting the parties to obtain information relevant to assist the Court in determining the jurisdictional questions.  *See Simon v. Taylor*, 981 F. Supp. 2d 1020, 1045 (D.N.M. 2013) ("A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).").

Accordingly, Vivint joins DSI's motion for a stay of non-jurisdictional discovery pending resolution of Defendants' motions to dismiss.  Vivint does not join but has no opposition to DSI's alternative motion to enlarge its time to respond to discovery propounded by Plaintiffs.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in DSI's Motion to Stay Non-Jurisdictional Discovery, the Court should enter a stay of non-jurisdictional discovery in this matter.

DATED this 11th day of November 2019.

/s/ Nathan R. Marigoni
Melanie J. Vartabedian, Esq.
Nathan R. Marigoni, Esq.
BALLARD SPAHR LLP
*Attorneys for Defendant, Vivint, Inc.*