# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANDREW PERRONG,<br><br>    Plaintiff,<br><br>v.<br><br>VIVINT, INC., et al.,<br><br>    Defendants. | Case No. 2:19-cv-00568-CW-CMR<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Cecilia M. Romero |

**FIRST SET OF DISCOVERY TO VIVINT, INC.**

Pursuant to Federal Rules of Civil Procedure ("Rules") 26, 33 and 34, Plaintiff's First Set of Discovery to Vivint, Inc. is hereby propounded to you and your attorneys of record. This discovery is intended to draw upon the combined knowledge of you, your agents and your attorneys.

**INSTRUCTIONS FOR INTERROGATORIES**

1. Pursuant to Rule 33, submit your answers to the interrogatories herein in writing and under oath to the undersigned counsel within 30 days of the date of service on you. If any of these interrogatories cannot be answered in full, then you should answer to the fullest extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion or portions. In answering these interrogatories, furnish such information as is available to you, regardless of whether this information is obtained directly by you, through your agents or representatives or by any of your attorneys. For each interrogatory, please identify all persons who provided information used in answering it.

2. These interrogatories are continuing in nature. In accordance with Rule 26, you are required to supplement your answers to the interrogatories when new or additional information becomes known to you.

## INSTRUCTIONS FOR REQUESTS FOR PRODUCTION

3. Pursuant to Rule 34(b)(2)(B), on the date production is due, Defendant shall produce all the responsive documents or specify a reasonable date certain on which they will be produced.

4. In accordance with Rule 34(b), you shall provide written responses to the following requests and shall produce the requested documents as they are kept in the ordinary and usual course of business or shall organize and label the documents to correspond with the categories in this request.

5. Defendant is required to produce all the requested documents that are in its possession, custody or control.

6. All requests for computerized data are to be produced in a computer-readable format. Fidelity, quality, color, resolution and metadata should not be degraded, destroyed or lost. If any SQL scripts or other queries are executed to export the information for production, disclose the code executed. If you believe that any transformation of ESI is required before production—for instance, if you believe that certain ESI must be reduced to a screenshot before production—please meet and confer with us right away.

7. A draft and a final version are two distinct documents.

8. If Defendant withholds the production of any responsive document on the grounds that the document is privileged or otherwise protected, Defendant shall state in a privilege log the nature of the claim of privilege or protection; the type and nature of the document; the date of the document; the author(s), the addressee(s), and recipient(s) of the document; the document's present

location; and any other information that will enable Plaintiff and the Court to assess the applicability of the privilege or protection.

9. If a document responsive to these requests was at any time in your possession, custody or control but is no longer available for production in its original condition, state the following information:

    a. whether it has been altered, tampered with, edited, manipulated, destroyed and/or deleted;

    b. if so, how, why, when, where and by whom; and

    c. what remedial measures, if any, have been taken to prevent similar occurrences in the future.

10. These requests shall be deemed continuing so as to require seasonable supplemental responses as Defendant or its attorneys obtain further information or materials from the time its answers are served through trial.

## DEFINITIONS

The following terms shall have the following meanings, even when not capitalized or bolded:

11. "**Defendant**" means the defendant named in this lawsuit who is being served with these requests and includes, without limitation, any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives.

12. "**Describe**" means to identify and explain fully the characteristics, nature and substance of a given thing, action, communication or event, to set forth all details, physical properties and dimensions of a physical thing inquired about, and to specify all pertinent dates,

3

locations, causes, purposes, effects and results of the thing, action, communication or event inquired about.

13.  "**Document**" means any writing as defined in Rule 34(a)(1)(A), however produced, reproduced, archived or stored, within your possession or subject to your control, of which you have knowledge or to which you now have or previously had access, including all ESI.

14.  "**Identify**" (when used in reference to a document) means to state the date of preparation of the document, its author, the sender (if any), the recipient (if any), the nature of the document (e.g., letter, memorandum or tape) and other means of identification sufficient to specify the document for purposes of a request for production, and to further state its present location and custodian. If any such document was, but no longer is, in your possession or custody or subject to your control, describe what disposition was made of it and give the name, address and telephone number of the person presently having possession, custody or control of the document.

15.  "**Identify**" (when used in reference to an natural person) means to state that person's full name, title, business address, telephone number, email address, occupation and employer, along with a statement of whether that person is represented by your counsel in this litigation.

16.  "**Identify**" (when used in reference to an entity) means to state the entity's full name, address, telephone number, state of incorporation or organization and web address. Unless it otherwise appears from the context, a request for the identity of a person relates to all persons in the relevant classification or category, and the request for the identity of an entity includes all affiliated entities.

17.  "**Electronically stored information**" or "**ESI**" means any electronic document and includes, without limitation, the following:

   a.  Activity listings of email receipts and/or transmittals;

  b. Output resulting from the use of any software program (whether such program is hosted locally, on a dedicated server, in the cloud, or otherwise), including without limitation word processing documents (such as Google Docs or Microsoft Word), notes (such as Apple Notes or Evernote), task lists (such as Asana or Trello), calendar entries, slideshows (such as PowerPoint or Keynote), spreadsheets, database files, charts, graphs, outlines, email, SMS, MMS, social media (including, but not limited to, Facebook, LinkedIn, Twitter and Snapchat), instant messaging (including, but not limited to, Google Hangouts, Slack and Yammer), voicemails, bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether such electronic data exist in an active file, archived file, deleted file or file fragment; and

  c. Any and all items stored on computer memories, hard disks, network servers, individual computer workstations or clients, thumb drives, jump drives, CDs, DVDs, cloud servers, floppy disks, CD-ROMs, magnetic tape, microfiche or any other vehicle for digital data storage and/or transmittal, including without limitation a personal digital assistant, smartphone and/or tablet (e.g., iPhone, Droid, Blackberry, Galaxy, HTC, iPad, iPod, Kindle, Nook or other device). To minimize redundant work for all parties, Plaintiff requests that ESI be processed and produced in a manner that preserves all metadata and that the parties confer regarding the production of metadata and the form of any electronic production before the gathering or processing of ESI.

In each instance (a) through (c) above, information is ESI regardless of whether or not it is ostensibly (1) professional or personal; (2) local, remote or cloud-based; (3) archival or not; (4) in English, Spanish or another language.

  18. "**Or**" means and/or.

  19. "**Person**" means any natural person or legal entity, including, without limitation, any business or governmental entity or association.

20. "**Plaintiff**" means the Plaintiff in this lawsuit.

21. "**Policy**" means any instruction, practice, procedure, directive, routine, guideline, rule, course of conduct or code of conduct that was or has been recognized, adopted, issued or followed by you—regardless of whether written or unwritten, formal or informal, recorded or unrecorded.

22. "**TCPA**" means the Telephone Consumer Protection Act, 47 U.S.C. § 227.

23. "**Telemarketing**" means a call, SMS, MMS, fax or other telecommunication that could have generated or was intended to generate leads, customers or sales for you within the United States. A communication is telemarketing even though it (1) had other, additional purposes (e.g., fulfillment of a partially completed transaction or verification of information); (2) was to a person who had consented to receive it; (3) was to a person who had a prior existing business relationship with you; (4) was not made by you; and/or (5) was not made for your exclusive or direct benefit.

24. "**Third party**" means any natural person, partnership, association, corporation, joint venture, or other business or legal entity not owned or controlled by you.

25. "**Vendor**" means any third party under contract with, hired by, employed by, paid by or working for you, directly or indirectly, for purposes of telemarketing or phone-based activities or services, including, but not limited to, generating leads, warm transfers, hot transfers or any other call transfers, making outbound telemarketing calls, or tracking or aggregating data related to any of those activities, including, but not limited to, any co-defendant.

26. "**You**" means the entity to which these requests are propounded and includes, without limitation, any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives.

27. All other words shall have their ordinary definition as defined by Merriam-Webster's online dictionary, located at http://www.merriam-webster.com/.

## RELEVANT TIME PERIOD

Unless otherwise indicated, these requests shall pertain to the time period starting four years before the filing of the original complaint in this case and continuing through the present and shall include all documents and information that relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received outside of that period.

## INTERROGATORIES

1. Identify each and every person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

    **ANSWER:**

2. Identify all vendors involved with telemarketing.

    **ANSWER:**

3. Identify and describe the work of each vendor.

    **ANSWER**:

4. Identify all third parties or sub-vendors used by your vendors in the course of telemarketing.

    **ANSWER:**

5. Identify each of the individuals that spoke with Mr. Perrong from your company or any of its vendors during or regarding the telemarketing calls.

**ANSWER**:

6. If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**ANSWER:**

7. State all facts in support of any affirmative defenses you have raised.

**ANSWER**:

8. In response to which (if any) requests for production in this case have you produced no responsive documents?

**ANSWER:**

## DOCUMENT REQUESTS

1. Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**RESPONSE:**

2. Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

**RESPONSE:**

3. Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into telemarketing calls made to Plaintiff.

**RESPONSE:**

4. Please produce all documents relating to telemarketing training provided to your employees or vendors.

**RESPONSE:**

5. Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

   a. the frequency with which calls are placed to the same number;

   b. scripts;

   c. reasons triggering the addition of a person's name or telephone number to the list of those receiving calls;

   d. when and how calls would be placed (e.g., the vendor, equipment, computer system, or other program, etc.);

  e. compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

  f. obtaining or verifying prior express consent;

  g. determining whether a person has revoked consent and/or opted out from receiving calls from;

  h. placing automated calls to persons who have revoked consent and/or opted out; or

  i. complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

**RESPONSE:**


6. Please produce your do-not-call policy.

**RESPONSE:**


7. Please produce all documents containing any of the following information for each SMS or text message sent by your comany or any of their vendors:

  a. the date and time;

  b. the caller ID;

  c. the result;

  d. identifying information for the intended recipient;

  e. identifying information for the actual recipient;

  f. the script or content of the text message;

  g. any information showing the called party's consent to be called or preexisting business relationship with you;

      h.      the response(s) of the called party, whether then or later, and whether by SMS, IVR, voicemail, email live oral response recorded mechanically by you, live oral response summarized in written notes by you or otherwise;

      i.      any other information stored by the call detail records.

      **RESPONSE:**

      8.      Please produce all data dictionaries or keys to data tables for:

      a.      each system, platform, and/or equipment used by you, or any vendor, to send telemarketing, or to store data about telemarketing; and

      b.      each database, list, system, platform, and/or equipment used by you, or any vendor, to store data about a person's purported consent to receiving telemarketing.

      **RESPONSE:**

      9.      Please produce all documents relating to any failure, alleged failure, or possible failure by you or any vendor to comply with your policies related to telemarketing.

      **RESPONSE:**

      10.      Please produce all documents relating to the failure, alleged failure, or possible failure of your vendors to comply with any agreements, contracts, statements of work, policies or other instruction(s) related to telemarketing or lead generation.

      **RESPONSE:**

      11.      Please produce all documents relating to complaints or do-not-call requests concerning telemarketing, including, but not limited to, lists or databases containing complaints and

metadata about them, and information identifying the complainants. This request includes any complaints to you by mail, email, live call, IVR, SMS, web form, social media, FCC, FTC, CFPB, state attorney general, BBB or any other source.

**RESPONSE:**

12. All contracts or documents representing agreements regarding DSI Distributing, Inc.

**RESPONSE:**

13. All communications with DSI Distributing, Inc. regarding telemarketing or customer acquisition.

**RESPONSE:**

14. All internal communications at your company regarding DSI Distributing, Inc.

**RESPONSE:**

15. Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**RESPONSE:**

16. Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**RESPONSE:**

17. Produce a complete organizational chart for you, or if your operations are subdivided into departments, then produce the organizational chart for (a) the department(s) responsible for placing telemarketing calls; (b) the department(s) responsible for purchasing, maintaining or operating the system(s) used to place telemarketing calls; (c) the department(s) responsible for hiring or managing any vendor used to place telemarketing calls; and (d) the department(s) responsible for purchasing, maintaining or operating the system(s) used to store lists, database(s) or documents containing logs of calls or logs of purported consent to receive calls.

**RESPONSE:**

Dated: September 25, 2019

PLAINTIFF,
By his attorneys

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Brian K. Murphy (6225697)
Jonathan P. Misny
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH 43215
(614) 488-0400
(614) 488-0401 facsimile

murphy@mmmb.com
misny@mmmb.com

CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2019, I electronically served the foregoing on counsel of record.

*/s/ Anthony I. Paronich*
Anthony I. Paronich