Stephen K. Christiansen #6512
Kathleen M. Liuzzi #7924
CHRISTIANSEN LAW, PLLC
311 South State Street, Ste. 250
Salt Lake City, Utah 84111
Telephone: 801.716.7016
Facsimile: 801.716.7017
steve@skclawfirm.com
kathe@skclawfirm.com
*Attorneys for Defendant DSI*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| CRAIG CUNNINGHAM, ROBERT HOSSFELD and ANDREW PERRONG, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>VIVINT, INC.and DSI DISTRIBUTING, INC. d.b.a. DSI SYSTEMS,<br><br>Defendants. | **DEFENDANT DSI'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Case No. 2:19-cv-00568-DBB-CMR<br>Judge David Barlow<br>Magistrate Judge Cecilia M. Romero |

Defendant DSI Distributing, Inc. d.b.a. DSI Systems ("DSI") answers Plaintiffs' Second Amended Complaint ("Complaint") as follows:

**FIRST DEFENSE**

Plaintiffs fail to state a claim against DSI upon which relief can be granted.

**SECOND DEFENSE**

DSI responds to the allegations in the Complaint in like-numbered paragraphs as follows:

**Preliminary Statement**

1. The allegations in Paragraph 1 are conclusions of law to which no response is required. To the extent that the allegations are directed to DSI and require a response, DSI responds as follows: DSI denies that it violated the TCPA.

2. Paragraph 2 does not include facts directed to DSI requiring a response.

3. DSI lacks sufficient information to form a belief regarding allegations directed to Vivint and therefore, denies the same. The remaining allegations purport to characterize the allegations in the Complaint which speaks for itself. To the extent a response is required, DSI denies that it violated the TCPA and denies any remaining allegations.

4. DSI lacks sufficient information to form a belief regarding Mr. Cunningham's and Vivint's actions and therefore, denies the same. To the extent a response is required, DSI denies that it violated the TCPA and denies any remaining allegations.

5. The allegations in paragraph 5 are not directed to DSI and therefore, no response is required.

6. DSI lacks sufficient information to form a belief as to whether Plaintiffs and purported class members consented to received these calls and therefore, denies the same. The remaining allegations characterize the Complaint which speaks for itself. To the extent a response is required, DSI responds as follows: DSI admits that Plaintiffs allege to bring this action on behalf of themselves and a proposed nationwide class for TCPA violations. DSI denies that it violated the TCPA or made any illegal telemarketing calls on behalf of Vivint, and denies that Plaintiffs and the alleged class are entitled to any damages. DSI denies any remaining allegations.

7. The allegations in paragraph 7 are conclusions of law to which no response is required. To the extent a response is required, DSI responds as follows: DSI denies that this action may be certified as a class action under Fed. R. Civ. P. 23, denies that it violated the TCPA, and denies that Plaintiffs and their purported class are entitled to any damages.

**Parties**

8. DSI denies the allegations in paragraph 8 for lack of information sufficient to form a belief.

9. DSI denies the allegations in paragraph 9 for lack of information sufficient to form a belief.

10. DSI denies the allegations in paragraph 10 for lack of information sufficient to form a belief.

11. Admits.

12. DSI admits that it is an Indiana corporation and avers that its home office and principal place of business has been and continues to be in Urbandale, Iowa. DSI denies the remaining allegations in paragraph 12.

**Jurisdiction and Venue**

13. Paragraph 13 is a legal conclusion to which no response is required.

14. Paragraph 14 is a legal conclusion to which no response is required.

15. Paragraph 15 is a legal conclusion to which no response is required.

**TCPA Background**

16. Paragraph 16 is a legal conclusion to which no response is required.

17. Paragraph 17 is a legal conclusion to which no response is required.

18. Paragraph 18 is a legal conclusion to which no response is required.

19. Paragraph 19 is a legal conclusion to which no response is required.

20. Paragraph 20 is a legal conclusion to which no response is required.

21. Paragraph 21 is a legal conclusion to which no response is required.

22. Paragraph 22 is a legal conclusion to which no response is required.

23. Paragraph 23 is a legal conclusion to which no response is required.

24. Paragraph 24 is a legal conclusion to which no response is required.

25. Paragraph 25 is a legal conclusion to which no response is required.

26. DSI denies the allegations in paragraph 26 for lack of information sufficient to form a belief.

27. DSI denies the allegations in paragraph 27 for lack of information sufficient to form a belief.

28. DSI denies the allegations in paragraph 28 for lack of information sufficient to form a belief.

29. DSI denies the allegations in paragraph 29 for lack of information sufficient to form a belief.

30. DSI denies the allegations in paragraph 30 for lack of information sufficient to form a belief.

**Factual Allegations**

31. Paragraph 31 is a legal conclusion to which no response is required.

32. DSI denies the allegations in paragraph 32 for lack of information sufficient to form a belief.

33. DSI denies the allegations in paragraph 33 for lack of information sufficient to form a belief.

34. DSI denies the allegations in paragraph 34 for lack of information sufficient to form a belief.

35. DSI denies the allegations in paragraph 35 for lack of information sufficient to form a belief.

36. DSI denies the allegations in paragraph 36 for lack of information sufficient to form a belief.

37. DSI denies the allegations in paragraph 37 for lack of information sufficient to form a belief.

38. DSI denies the allegations in paragraph 38 and subparts a. – c. for lack of information sufficient to form a belief.

39. DSI denies the allegations in paragraph 39 for lack of information sufficient to form a belief.

40. DSI denies the allegations in paragraph 40 for lack of information sufficient to form a belief.

41. DSI denies the allegations in paragraph 41 for lack of information sufficient to form a belief.

42. DSI denies the allegations in paragraph 42 for lack of information sufficient to form a belief.

43. DSI denies the allegations in paragraph 43 for lack of information sufficient to form a belief.

44. Paragraph 44 is a legal conclusion to which no response is required.

45. DSI denies the allegations in paragraph 45 for lack of information sufficient to form a belief.

46. DSI denies the allegations in paragraph 46 for lack of information sufficient to form a belief.

47. DSI denies the allegations in paragraph 47 for lack of information sufficient to form a belief.

48. DSI denies the allegations in paragraph 48 for lack of information sufficient to form a belief.

49. Deny.

50. DSI denies the allegations in paragraph 50 for lack of information sufficient to form a belief.

51. DSI denies the allegations in paragraph 51 for lack of information sufficient to form a belief.

52. DSI denies the allegations in paragraph 52 and subparts a. – d., for lack of information sufficient to form a belief.

53. DSI denies the allegations in paragraph 53 for lack of information sufficient to form a belief.

54. Deny.

55. DSI denies the allegations in paragraph 55 for lack of information sufficient to form a belief.

56. DSI denies the allegations in paragraph 56 for lack of information sufficient to form a belief.

57. DSI denies the allegations in paragraph 57 for lack of information sufficient to form a belief.

58. DSI denies the allegations in paragraph 58 for lack of information sufficient to form a belief.

59. DSI denies the allegations in paragraph 59 for lack of information sufficient to form a belief.

60. DSI denies the allegations in paragraph 60 for lack of information sufficient to form a belief.

61. DSI denies the allegations in paragraph 61 for lack of information sufficient to form a belief.

62. DSI denies the allegations in paragraph 62 for lack of information sufficient to form a belief.

63. Paragraph 63 is a legal conclusion to which no response is required.

64. DSI denies the allegations in paragraph 64 for lack of information sufficient to form a belief.

65. DSI denies the allegations in paragraph 65 for lack of information sufficient to form a belief.

66. DSI denies the allegations in paragraph 66 for lack of information sufficient to form a belief.

67. DSI denies the allegations in paragraph 67 for lack of information sufficient to form a belief.

68. DSI denies the allegations in paragraph 68 for lack of information sufficient to form a belief.

69. Paragraph 69 is a legal conclusion to which no response is required.

70. DSI denies the allegations in paragraph 70 for lack of information sufficient to form a belief.

71. DSI denies the allegations in paragraph 71 for lack of information sufficient to form a belief.

72. DSI denies the allegations in paragraph 72 for lack of information sufficient to form a belief.

73. DSI denies the allegations in paragraph 73 for lack of information sufficient to form a belief.

74. DSI denies the allegations in paragraph 74 for lack of information sufficient to form a belief.

75. DSI denies the allegations in paragraph 75 and subparts a. – d., for lack of information sufficient to form a belief.

76. Deny.

77. DSI denies the allegations in paragraph 77 for lack of information sufficient to form a belief.

78. DSI denies the allegations in paragraph 78 for lack of information sufficient to form a belief.

79. DSI denies the allegations in paragraph 79 for lack of information sufficient to form a belief.

80. DSI denies the allegations in paragraph 80 for lack of information sufficient to form a belief.

81. DSI denies the allegations in paragraph 81 for lack of information sufficient to form a belief.

82. DSI denies the allegations in paragraph 82 for lack of information sufficient to form a belief.

83. Paragraph 83 calls for a legal conclusion to which no response is required.

84. DSI denies the allegations in paragraph 84 for lack of information sufficient to form a belief.

85. DSI denies the allegations in paragraph 85 for lack of information sufficient to form a belief.

86. DSI denies the allegations in paragraph 86 for lack of information sufficient to form a belief.

87. DSI admits that Mr. Cunningham previously complained to Vivint in 2018 to the extent this allegation is referencing the facts and circumstances surrounding the Release and Settlement Agreement dated March 27, 2018 and denies that DSI has ever made telemarketing calls to Mr. Cunningham.

88. DSI denies the allegations in paragraph 88 for lack of information sufficient to form a belief.

89. DSI denies the allegations in paragraph 89 for lack of information sufficient to form a belief.

90. DSI denies the allegations in paragraph 90 for lack of information sufficient to form a belief.

91. DSI denies the allegations in paragraph 91 for lack of information sufficient to form a belief.

92. DSI denies the allegations in paragraph 92 for lack of information sufficient to form a belief.

93. DSI denies the allegations in paragraph 93 for lack of information sufficient to form a belief.

94. Deny.

95. Deny.

**Vivint's Liability for DSI's and John Doe's Conduct**

96. Paragraph 96 is a legal conclusion to which no response is required.

97. Paragraph 97 is a legal conclusion to which no response is required.

98. Paragraph 98 is a legal conclusion to which no response is required.

99. Paragraph 99 is a legal conclusion to which no response is required.

100. Paragraph 100 is a legal conclusion to which no response is required.

101. Paragraph 101 is a legal conclusion to which no response is required.

102. Deny.

103. Deny on the ground that DSI is not a telemarketer, does not engage in telemarketing, and does not initiate telemarketing calls of any kind.

104. Deny.

105. Deny on the ground that it was not necessary to restrict DSI from telemarketing because DSI is not a telemarketer, does not engage in telemarketing, does not initiate telemarketing calls of any kind, and does not use or own automated telemarketing equipment. DSI denies any remaining allegations in paragraph 105.

106. Deny on the grounds that DSI is not a telemarketer, does not engage in telemarketing, does not initiate telemarketing calls of any kind, and does not use or own automated telemarketing equipment. DSI does not and cannot transfer leads because it does not engage in telemarketing. DSI denies any remaining allegations in paragraph 106.

107. Deny on the grounds that that DSI is not a telemarketer, does not engage in telemarketing, does not initiate telemarketing calls of any kind, and does not use or own automated telemarketing equipment. DSI denies any remaining allegations in paragraph 107.

108. Paragraph 108 does not include facts directed to DSI which require a response.

109. Deny on the grounds that there are no parameters and qualifications for customers to be transferred to a live Vivint representative and that DSI is not a telemarketer, does not engage in telemarketing, does not initiate telemarketing calls of any kind, does not use or own automated telemarketing equipment, and therefore would not be transferring any calls to Vivint. All remaining allegations are denied.

110. Deny on the grounds that DSI could not violate the TCPA because DSI is not a telemarketer, does not engage in telemarketing, does not initiate telemarketing calls of any kind,

and does not use or own automated telemarketing equipment. DSI denies any remaining allegations in paragraph 110.

111. Paragraph 111 contains a legal conclusion to which no response is required. To the extent a response is required, DSI responds as follows: DSI is not a telemarketer, does not engage in telemarketing, does not initiate telemarketing calls of any kind, and does not use or own automated telemarketing equipment. Moreover, DSI is not Vivint's agent and is not hired to initiate calls on Vivint's behalf. DSI denies any remaining allegations in paragraph 111.

112. Deny.

113. Deny. DSI does not have the ability to bind Vivint in any contract, including Vivint's consumer agreements.

114. DSI denies the allegations in paragraph 114 for lack of information sufficient to form a belief about any "John Doe" corporation and denies any remaining allegations.

115. DSI admits that Mr. Cunningham complained to Vivint in 2018 and denies any remaining allegations because DSI is not a telemarketer, does not engage in telemarketing, does not initiate telemarketing calls of any kind, and does not use or own automated telemarketing equipment.

116. Paragraph 116 is a legal conclusion which does not require a response. To the extent a response is required, DSI responds as follows: DSI is not a telemarketer, does not engage in telemarketing, does not initiate telemarketing calls of any kind, and does not use or own automated telemarketing equipment; there is no apparent authority between Vivint and DSI; and DSI is not Vivint's agent. All remaining allegations are denied.

**Class Action Allegations**

117. Paragraph 117 is a legal conclusion to which no response is required. To the extent a response is required, DSI responds as follows: DSI admits that Plaintiffs purports to bring this action as a class action and denies that the action may be certified as a class action.

118. Paragraph 118 is a legal conclusion to which no response is required. To the extent a response is required, DSI responds as follows: DSI denies that Plaintiffs' proposed class is appropriate for Fed. R. Civ. P. 23 class treatment, denies that it violated the TCPA, and denies that Plaintiffs and their purported classes are entitled to any damages.

119. DSI admits that counsel, Defendants, any entities in which Defendants have a controlling interest, Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family are excluded from any purported classes. DSI denies that Plaintiffs' proposed class is appropriate for Fed. R. Civ. P. 23 class treatment, denies that it violated the TCPA, and denies that Plaintiffs and their purported classes are entitled to any damages.

120. DSI denies the allegations in paragraph 120 for lack of information sufficient to form a belief and further denies that this action may be certified as a class action under Fed. R. Civ. P. 23.

121. DSI denies the allegations in paragraph 121 for lack of information sufficient to form a belief and further denies that this action may be certified as a class action under Fed. R. Civ. P. 23.

122. DSI denies the allegations in paragraph 122 and further denies that this action may be certified as a class action under Fed. R. Civ. P. 23.

123. DSI denies the allegations in paragraph 123 and further denies that this action may be certified as a class action under Fed. R. Civ. P. 23.

124. DSI denies the allegations in paragraph 124 and further denies that this action may be certified as a class action under Fed. R. Civ. P. 23.

125. DSI denies the allegations in paragraph 125 and subparts a. – d., and further denies that this action may be certified as a class action under Fed. R. Civ. P. 23.

126. DSI denies the allegations in paragraph 126 and further denies that this action may be certified as a class action under Fed. R. Civ. P. 23.

127. Deny.

128. DSI denies the allegations in paragraph 128 and further denies that this action may be certified as a class action under Fed. R. Civ. P. 23.

129. DSI denies the allegations in paragraph 129 and further denies that this action may be certified as a class action under Fed. R. Civ. P. 23.

130. DSI denies the allegations in paragraph 130 and further denies that this action may be certified as a class action under Fed. R. Civ. P. 23.

**Legal Claims**
**Count One:**
**Violation of the TCPA's Do Not Call Provisions**

131. DSI incorporates its responses from all previous paragraphs as if set forth below.

132. Paragraph 132 is a legal conclusion to which no response is required. To the extent a response is required, DSI responds as follows: Deny.

133. Deny.

**Count Two:**
**Violation of the TCPA's Do Not Call Provisions**

134. DSI incorporates its responses from all previous paragraphs as if set forth below.

135. Paragraph 135 is a legal conclusion to which no response is required. To the extent a response is required, DSI responds as follows: Deny.

136. Deny.

137. Deny.

138. Deny.

139. Deny.

**Count Three:**
**Violation of the TCPA's Automated Call Provisions**

140. DSI incorporates its responses from all previous paragraphs as if set forth below.

141. Paragraph 141 is a legal conclusion to which no response is required. To the extent a response is required, DSI responds as follows: Deny.

142. Deny.

143. Deny.

**RELIEF SOUGHT**

DSI denies that Plaintiffs are entitled to any relief requested in paragraphs A. through E.

**JURY TRIAL**

DSI intends to rely on Plaintiffs' request for a jury trial.

**THIRD DEFENSE**

DSI is a business-to-business company and does not engage in direct consumer sales. Therefore, it does not contact consumers, does not engage in "telephone solicitation" as that term

is defined in 47 U.S.C. § 227(a)(4), and does not own, lease, or utilize any "automatic telephone dialing system" or make automated telephone calls to contact consumers as defined in 47 U.S.C. § 227(a)(1).

**FOURTH DEFENSE**

DSI is not liable to the extent that any or all of the calls for which Plaintiffs seek recovery were not made by or on behalf of DSI.

**FIFTH DEFENSE**

Any contact with any Plaintiff was at that Plaintiff's invitation and not through any illegal telemarketing means by DSI.

**SIXTH DEFENSE**

DSI does not have the capacity or ability to violate the TCPA and denies violating the TCPA. Even if DSI somehow violated the TCPA, such violation was not willful and knowing.

**SEVENTH DEFENSE**

DSI has complied with tht TCPA and is entitled to each defense stated in the TCPA and any limitations of liability.

**EIGHTH DEFENSE**

Plaintiffs do not identify the telephone numbers at issue and Plaintiffs are precluded from recovery if is found that the telephone numbers were not listed on the Do-Not-Call Registry at the time the calls were allegedly made.

## NINTH DEFENSE

Plaintiff Hoffsted has not made any factual allegations against DSI and therefore, DSI cannot be held liable for any of Hoffsted's claims against it as named in Counts One and Three for Hoffsted's failure to state a claim for which relief can be granted.

## TENTH DEFENSE

Plaintiffs failed to mitigate any damages that they allegedly sustained and cannot recover to the extent they failed to mitigate their damages, particularly by encouraging the alleged calls.

## ELEVENTH DEFENSE

Plaintiffs should not be proteted by the TCPA because they encourage the alleged calls, Their lack of mitigation includes owning numerous phone numbers to encourage the alleged calls, signing up for and paying for the services that they claim were telemarketed to them thereby establishing a business relationship, then cancelling the services at the last minute or after the service installer tries to contact them to arrange the installation the product that Plaintiffs ordered and paid for, and then Plaintiffs, as career litigants, use their entrapment-like tactics to file numerous lawsuits across the United States.

## TWELFTH DEFENSE

The calls which Plaintiffs allege they have received illegally are based on previously established relationships with their energy provider in the region where they live or with Direct TV, and such calls are not in violation of the TCPA.

## THIRTEENTH DEFENSE

Any telephone calls that Plaintiffs may have received in violation of the TCPA were made by third parties over whom DSI has no direction or control, and all such parties must be placed on the jury special verdict for an apportionment of fault.

## FOURTEENTH DEFENSE

Plaintiffs sustained no injury as a result of the alleged calls.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction to adjudicate any violations of 47 U.S.C. § 227(b)(1)(A)(iii) that occurred between 2015 and July 6, 2020 because that portion of the TCPA was declared unconstitutional prior to severing the offending part of the statute (*See Barr v. American Association of Political Consultants, Inc.*, 140 S.Ct. 2335 (2019)) and federal courts lack authority to enforce violations of unconstitutional laws. The calls alleged in this lawsuit took place during the time that the law was unconstitutional and void, and the severance only applies prospectively.

## SIXTEENTH DEFENSE

Any damages Plaintiffs suffered were caused by their own actions and/or inactions.

## SEVENTEENTH DEFENSE

DSI denies each and every allegation contained in the Complaint unless expressly admitted herein.

## EIGHTEENTH DEFENSE

DSI reserves the right to supplement this Answer and allege additional affirmative defenses if and when additional information becomes known.

DATED January 19, 2021.

CHRISTIANSEN LAW, PLLC

*/s/ Stephen K. Christiansen*
Stephen K. Christiansen
Kathleen M. Liuzzi
*Attorneys for Defendant DSI*

**CERTIFICATE OF SERVICE**

I certify that on January 19, 2021, I caused **ANSWER TO SECOND AMENDED COMPLAINT** to be served on counsel of record via the Court's CM/ECF system.

*/s/ Stephen K. Christiansen*