# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, ROBERT HOSSFELD, and ANDREW PERRONG, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>VIVINT, INC., JOHN DOE CORPORATION d/b/a NATIONAL SOLAR PROGRAM, and DSI DISTRIBUTING, INC., d.b.a. DSI SYSTEMS,<br><br>Defendants. | **ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION [109] AND DENYING DEFENDANT DSI'S MOTION TO STRIKE [105]**<br><br>Civil No. 2:19-cv-00568-DBB-CMR<br><br>District Judge David B. Barlow<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Defendant DSI's (DSI or Defendant) Motion to Strike Plaintiffs' Class Expert Witness[1] (DSI's Motion) (ECF 105) wherein DSI requests the court strike Plaintiffs' class expert witness designation and report for failing to file a timely designation and Plaintiffs' Motion for Reconsideration (Plaintiffs' Motion) in which Plaintiffs request the court extend Plaintiffs' class expert disclosure deadline to April 23, 2021 (ECF 109). Both motions are fully briefed (ECF 111, 112, 113, 116). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide the motions based on written memoranda. *See* DUCivR 7-1(f). For the reasons discussed herein, the court GRANTS Plaintiffs' Motion and thereby extends the expert disclosure deadline to April 23, 2021. In doing so, the court DENIES DSI's Motion.

---

[1] DSI's Motion was improperly docketed as a Daubert Motion.

## I.  BACKGROUND

Due in part to inconsistencies in Plaintiffs' request, on January 29, 2021, the court denied Plaintiffs' initial request to amend the scheduling order and explicitly indicated it was doing so without prejudice (ECF 96, 102).  Plaintiffs thereafter filed a Renewed Partially Unopposed Motion to Amend the Scheduling Order (Renewed Scheduling Motion) (ECF 97).  The court granted, in part, Plaintiffs' Renewed Scheduling Motion and entered the Second Amended Scheduling Order which maintained the Class Expert Disclosure Deadline of January 25, 2021 (ECF 101).  Now, in Plaintiffs' Motion filed on February 18, 2021, Plaintiffs' request the court reconsider its decision not to extend the expert disclosure deadlines in the Second Amended Scheduling Order.  Conversely, DSI's Motion requests the court strike Plaintiffs' class expert Jeffrey Hansen's report, which was served on February 11, 2021, as untimely (ECF 105).

## II.  LEGAL STANDARDS

In evaluating a motion to reconsider, the Tenth Circuit has held "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Here, Plaintiffs aver reconsideration is required to prevent manifest injustice (ECF 109).

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "This requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).  However, where, as here, the motion to extend

time is "made after the time has expired," the moving party must also show it "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

> In determining whether the movant has demonstrated excusable neglect,
>
> the court must take account of all relevant circumstances surrounding the party's omission, including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

*Stringfellow v. Brown*, 105 F.3d 670, 1997 WL 8856, at *1 (10th Cir. Jan. 10, 1997) (alteration in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993)). "Control over the circumstances of the delay is 'the most important single . . . factor . . . in determining whether neglect is excusable.'" *Id.* (omissions in original) (quoting *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).

Therefore, as Defendant correctly notes in its Opposition to Plaintiffs' Motion (ECF 112), because Plaintiffs are seeking an extension of a deadline that has already passed, Plaintiffs must demonstrate good cause under Rule 16 *and* excusable neglect under Rule 6.

### III. DISCUSSION

#### A. Plaintiffs' Motion

Plaintiffs' Renewed Scheduling Motion sought a six-month extension of time for all discovery related deadlines but failed to adequately articulate why such a request was needed on the expert disclosure deadline and therefore that request was denied (ECF 97 and 101). Plaintiffs now contend there is good cause to extend the expert disclosure deadline because, through no fault of their own, they only recently obtained relevant discovery their expert must analyze, specifically the calling records (ECF 109). Though this was not clearly articulated to the court in the Renewed Scheduling Motion, in considering this new evidence, the court does find it meets

the good cause standard to extend Plaintiffs' deadline to submit a class expert report and disclosure to April 23, 2021.

As Defendant identified, Plaintiffs' Motion fails to specifically address excusable neglect. Notwithstanding, Plaintiffs appear to argue they were awaiting clarification from the court regarding multiple outstanding discovery motions that were filed in December 2020 and January 2021 (ECF 81, 83, 87) and shortly after the court's determination of those issues, Plaintiffs filed their Renewed Scheduling Motion (ECF 100). Plaintiffs' contend that when the court did not grant the request to extend the expert deadline date (ECF 101), Plaintiffs tried to meet the expert report deadline, but they did not have the discovery needed to give to their expert to analyze (ECF 109 at 6). While the court agrees with Defendant that Plaintiffs have not been entirely clear to the court with what they need and why (ECF 112), the court does recognize there may have been some confusion related to the expert disclosure deadlines while the parties awaited the court's determination of the parties' discovery motions (ECF 81, 83, 87). The court therefore finds that the reason for the delay was not in Plaintiffs' control since the discovery and scheduling issues were with the court, not with Plaintiffs. The court is not persuaded by DSI's contention that it would be unduly prejudiced by a short extension of time for Plaintiffs' expert discovery. Plaintiffs have provided a copy of their class expert report to DSI and DSI will be afforded an opportunity to submit a counter report. On balance, the court finds Plaintiffs' delay was due to excusable neglect and the impact on the proceedings in extending the expert discovery deadlines is minimal.

The court therefore finds to prevent manifest injustice, it will GRANT Plaintiffs' Motion.

### B. DSI's Motion

As to DSI's Motion, Rule 37(c) permits a district court to refuse to strike expert reports

4

and allow expert testimony even when the expert report violates Rule 26(a) if the violation is substantially justified or harmless. Fed. R. Civ. P. 37(c). "'The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court.'" *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (internal citation omitted). In applying that discretion, the court should evaluate prejudice or surprise to DSI, the ability to cure the prejudice, disruption to the trial date and bad faith or willfulness. *Id*. The court finds these factors weigh in favor of denying DSI's Motion.

The court finds Plaintiffs' untimely expert disclosure was harmless as discovery was ongoing and DSI was aware that Plaintiffs were awaiting determination by the court on their Renewed Scheduling Motion. As soon as Plaintiffs were notified by the court's Second Amended Scheduling Order that the expert deadlines were not changed, Plaintiffs set out to do their best to prepare an expert report and therefore there was very little surprise or prejudice to DSI. There is also little disruption to trial as there is not currently a trial date scheduled and the extension is not extensive, and the court finds no bad faith. Furthermore, the interest of justice requires determination of the class certification on the merits. The court therefore DENIES DSI's Motion.

## ORDER

For the reasons discussed above, the court hereby ORDERS:

1.) Defendant DSI's Motion to Strike Plaintiffs' Class Expert Witness (ECF 105) is DENIED;

2.) Plaintiffs' Motion for Reconsideration (ECF 109) is GRANTED and the deadline for expert disclosure is extended to April 23, 2021. DSI shall have 30 days to submit a counter disclosure and report. It is unclear by either

parties' brief if the June 23, 2021 class discovery deadline and July 23, 2021 deadline for motion to exclude expert testimony are impacted by this Order. The parties are therefore ordered to meet and confer and submit a Stipulated Third Amended Scheduling Order consistent with this Order and that addresses the remaining class discovery deadlines within 5 days of the date of this Order.

DATED this 19 April 2021.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah