THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CRAIG CUNNINGHAM; ROBERT HOSSFELD; and ANDREW PERRONG, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>VIVINT, INC.; and DSI DISTRIBUTING, INC., d.b.a. DSI SYSTEMS,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [90] DSI'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF ROBERT HOSSFELD**<br><br>Case No. 2:19-cv-00568-DBB-CMR<br><br>District Judge David Barlow |

Before the court is Defendant DSI Distributing, Inc.'s (DSI) motion for judgment on the pleadings.[1] DSI contends that Plaintiff Robert Hossfeld has failed to allege any claims against it and therefore requests dismissal of Hossfeld's causes of action as against DSI.[2] Having reviewed the pleadings, the briefing, and relevant law, the court rules as follows.

## BACKGROUND

Plaintiffs originally filed this putative class action on August 14, 2019.[3] On January 5, 2021, Plaintiffs filed a Second Amended Complaint (Complaint) adding Hossfeld as a Plaintiff.[4]

Generally, Plaintiffs allege that Defendants violated the Telephone Consumer Protection Act (TCPA) when they sent unsolicited text messages and automated telephone calls to

---

[1] Defendant DSI's Motion for Judgment on the Pleadings as to Plaintiff Robert Hossfeld, ECF No. 90.

[2] *Id.* at 2–4.

[3] Complaint, ECF No. 2.

[4] Plaintiffs' Second Amended Complaint, ECF No. 86.

Plaintiffs' cellular phones.[5] For his part, Plaintiff Hossfeld "alleges that Vivint, Inc. (Vivint) sent him automated telemarketing calls to his cellular telephone number" without his consent and in violation of TCPA.[6] Hossfeld alleges no facts implicating DSI in any TCPA violations.[7] Nevertheless, Hossfeld alleges in Count One that "Defendants" violated the do-not-call provisions of the TCPA[8] and he alleges in Count Three that "Defendants" violated the TCPA's automated call provisions.[9]

## STANDARD OF REVIEW

Rule 8 requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[10] In other words, the allegations must "give the defendant fair notice of what the claim is and the grounds upon which it rests."[11]

A pleading may be challenged by a motion for judgment on the pleadings under Rule 12(c) "only when the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."[12] Such a motion "is treated as a motion to dismiss under Rule 12(b)(6)."[13] For a claim to survive a motion to dismiss,

---

[5] *See id.* at ¶¶ 1–6, 131–43.

[6] *Id.* at ¶¶ 2, 131–43.

[7] *See generally id.* Hossfeld acknowledges that he "made no factual allegations regarding DSI." *See* Plaintiffs' Memorandum in Opposition to Defendant DSI's Motion for Judgment on the Pleadings as to Plaintiff Robert Hossfeld, ECF No. 106 at 1–2.

[8] *See* ECF No. 86 at ¶ 132 ("Defendants violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2) by initiating multiple solicitation calls within a 12-month period to residential telephone numbers despite their registration on the National Do Not Call Registry, without signed, written prior express invitation or permission.").

[9] *See id.* at ¶ 141 ("The Defendants violated the TCPA by (a) initiating automated telephone solicitations to telephone numbers, or (b) by the fact that others made those calls on its behalf.").

[10] Fed. R. Civ. P. 8(a)(2).

[11] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis, citation, and internal quotation marks omitted).

[12] *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012) (citation and internal quotation marks omitted); *see* Fed. R. Civ. P. 12(c).

[13] *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[14] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] The court views the allegations in the light most favorable to the non-moving party.[16]

## ANALYSIS

### I. Plaintiff Hossfeld's Claims Against DSI Must Be Dismissed.

As noted, Plaintiffs generally allege that Defendants violated the TCPA by sending unsolicited telemarketing calls and messages to Plaintiffs' cellular phones.[17] Hossfeld asserts that Defendant Vivint made these calls to his phone, but he alleges no facts implicating Defendant DSI.[18] Although no facts are alleged by Hossfeld against DSI, he asserts causes of action against all defendants in the first and third causes of action in the Complaint.[19] Hossfeld has not alleged facts supporting such claims and they must be dismissed. Indeed, Hossfeld recognizes the lack of factual allegations directed at DSI, but contends that he "has not asserted any claims against DSI."[20] By identifying all defendants, including DSI, in the first and third causes of action, the Complaint alleges claims by Hossfeld against DSI. Because there are no factual allegations supporting them, Hossfeld's claims in Count One and Count Three must be dismissed against DSI for failure to state a claim.

---

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

[15] *Id.*

[16] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[17] *See* ECF No. 86 at ¶¶ 1–6.

[18] *Id.* at ¶ 2; *see* ECF No. 106 at 1–2 (acknowledging that Hossfeld has asserted no factual allegations against DSI).

[19] *See* ECF No. 86 at ¶¶ 131–43.

[20] ECF No. 106 at 1–2.

## ORDER

For the reasons stated in this Memorandum Decision and Order, Defendant DSI's motion for judgment on the pleadings is GRANTED.[21] Plaintiff Hossfeld's claims against Defendant DSI are dismissed without prejudice.

Signed June 21, 2021.

BY THE COURT

David Barlow
United States District Judge

---

[21] ECF No. 90.